COMMONWEALTH *vs.* CHARLES ELWELL & another.

Parties to the crime of adultery may be jointly indicted.

It is not necessary, in an indictment against an unmarried man for adultery with a married woman, under Rev. Sts. c. 130, § 1, to aver that he knew, at the time when the offence was committed, that she was a married woman. Nor is it necessary to prove such knowledge on the trial.

THE indictment in this case was against the defendant, Elwell, and Elizabeth R. Fosburg, and alleged that they, on, &c. at, &c. " did commit the crime of adultery with each other," &c. " she, the said Elizabeth, being then and there a married woman, and having a lawful husband alive." After a conviction in the court of common pleas, the defendants alleged exceptions to the ruling of *Williams,* C. J. " 1. Because he instructed the jury that said Elwell might be found guilty of the crime of adultery, although it was not alleged nor proved that he was married or knew that the woman, with whom the offence was alleged to have been committed, was a married woman, at the time the offence was committed. 2. Because the judge ruled that the man and woman committing that offence might be jointly indicted in one indictment, as in this case, and that this indictment is good upon its face."

*Ward,* for the defendants.

*Austin,* (Attorney General,) for the Commonwealth.

SHAW, C. J. The two defendants having been jointly indicted for the crime of adultery and found guilty, several exceptions were taken to the opinions of the judge of the court of common pleas, before whom the cause was tried, which have been brought before this court for their consideration and decision. The first I shall consider is an objection to the form

of the indictment, because the two defendants are indicted jointly, for the offence committed with each other.

It is not easy to find precedents on this subject, because in England adultery is not considered as a secular offence punishable by indictment, but an offence against good morals, punishable by ecclesiastical censures in the spiritual courts. Perhaps precedents might be found in other States of the Union; but none have been brought to our notice.

The general rule is, as laid down in 1 Stark. Crim. Pl. *c.* 2, and other works of good authority, that where the same evidence, as to the act which constitutes the crime, applies to two or more, they may be jointly indicted. See Hammond on Parties, 252. 2 Hawk. *c.* 25, § 89. Nor is it an objection, that the fact, proved against two or more, constitutes a distinct species of legal and technical offence. As where a wife, acting with a third person, maliciously takes the life of her husband. It is murder in the one and petit treason in the other; yet they may be indicted together. So where the same evidence proves one guilty as principal, and another as accessory before the fact, in felony, they may be jointly indicted. 1 Stark. Crim. Pl. 34, 35.

Upon this view of the case, the court are of opinion that the indictment is, in this respect, sufficient.

2. The second exception is, that the judge instructed the jury that said Elwell might be convicted, although it was not alleged nor proved that he was married, or knew that the woman, with whom the offence was alleged to be committed, was a married woman, at the time the offence was committed.

The first part of this objection is answered by the express provision of the Rev. Sts. *c.* 130, § 1, that when the crime is committed between a married woman and an unmarried man, the man shall be deemed guilty of adultery. This part of the exception was not relied upon in the argument.

The other part of the exception requires more consideration. 1st. In the first place, this is not one of the cases where the statute makes it necessary to allege that the act was knowingly done, as a constituent part of the crime. In the case of passing

counterfeit money, cited in the argument, the act of passing a coin or bill is, in itself, wholly free from guilt. The whole offence consists in doing an indifferent act with guilty knowledge. Such guilty knowledge is made by the statute a constituent part of the offence, and therefore it must be averred and proved as such. 2d. But it is in general true, and may be considered as a rule almost necessary to the restraint and punishment of crimes, that when a man does that which, by the common law or by statute, is unlawful, and in pursuing his criminal purpose, does that which constitutes another and different offence, he shall be held responsible for all the legal consequences of such criminal act. When a man, without justifiable cause, intends to wound or maim another, and in doing it kills him, it is murder, though he had no intention to take life. The statute makes it punishable carnally to know and abuse a female child under the age of ten years. Would it be necessary to allege and prove affirmatively, that the accused knew she was under the age of ten years? A fact extremely difficult, and in most cases impossible to prove. No ; a more reasonable and practicable rule is, that if a man shall wilfully do an unlawful and criminal act, he must take upon himself all the legal and penal consequences of such act. 3d. It is true, indeed, that in the commission of all crimes, a guilty purpose, a criminal will and motive are implied. But in general, such bad motive or criminal will and purpose, that disposition of mind and heart, which is designated by the generic and significant term "malice," is implied from the criminal act itself. But if a man does an act, which would be otherwise criminal, through mistake or accident, or by force or the compulsion of others, in which his own will and mind do not instigate him to the act, or concur in it, it is matter of defence, to be averred and proved on his part, if it does not arise out of the circumstances of the case, adduced on the part of the prosecution.

The court are therefore of opinion, that it was not necessary to aver in the indictment, that the defendant Elwell knew that the woman, with whom the act was committed, was a married woman ; it was sufficient to allege, as the indictment does, that she was a married woman, when the offence was committed.

The exceptions are overruled, and judgment is to be rendered, and sentence passed on both the defendants.